IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DANA JONES,

    Plaintiff,

v.                                Civil Action No.:

S.M. ENTERPRISE OF GAINESVILLE,
LLC, and WAYSHARNDA G. MOSLEY,

    Defendants.

## COMPLAINT

COMES NOW the Plaintiff, DANA JONES ("PLAINTIFF"), and files this Complaint against DEFENDANTS, S.M. ENTERPRISE OF GAINESVILLE, LLC. and WAYSHARNDA G. MOSLEY (collectively "DEFENDANTS"), respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover back pay, liquidated damages, attorney fees, costs of litigation and other relief from DEFENDANTS for violation of the Fair Labor Standards Act ("FLSA"), defamation and breach of contract.

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT S.M. ENTERPRISE OF GAINESVILLE, LLC. was a Florida corporation and a qualified organization within the meaning of Fla. Admin. Code R. 65G-14.001.

4. At all material times, DEFENDANT WAYSHARNDA G. MOSLEY operated S.M. ENTERPRISE OF GAINESVILLE, LLC.

## BACKGROUND

5. PLAINTIFF brings this action to require DEFENDANTS to pay back wages owed to PLAINTIFF, which DEFENDANTS failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

6. At all relevant times, DEFENDANTS acted through their officers, agents, servants, and employees.

7. Upon information and belief, at all relevant times, DEFENDANT S.M. ENTERPRISE OF GAINESVILLE, LLC. had two or more employees, including PLAINTIFF, who regularly handled goods that moved in or were produced for interstate commerce.

8. At all relevant times, DEFENDANT S.M. ENTERPRISE OF GAINESVILLE, LLC. was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

9. Upon information and belief, at all relevant times, with respect to S.M. ENTERPRISE OF GAINESVILLE, LLC., DEFENDANT WAYSHARNDA G. MOSLEY had responsibility for hiring and firing employees, supervising or controlling work schedules and conditions of employment, and/or making pay decisions.

10. Upon information and belief, at all relevant times, DEFENDANT S.M. ENTERPRISE OF GAINESVILLE, LLC. had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods that moved in or were produced for interstate commerce.

11. At all relevant times, DEFENDANTS were employers within the meaning of the FLSA.

12. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

13. In or around January 2021, DEFENDANTS hired PLAINTIFF to work as a waiver support coordinator and she held that position until DEFENDANTS terminated her in July 2021.

14. The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked.

15. PLAINTIFF performed work between July 1, 2021, and August 3, 2021, for DEFENDANTS for which she did not receive compensation.  In that regard, the provided full waiver support coordinator services to 31 clients and limited waiver support coordinator services to two clients but was not compensated at all for this time.

16. Upon information and belief, DEFENDANTS have willingly, deliberately and intentionally refused to pay PLAINTIFF for the time she worked in July and August 2021.

17. PLAINTIFF therefore is owed compensation for time actually worked but not paid at the appropriate overtime rate by DEFENDANTS, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT -BOTH DEFENDANTS

18. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

19. DEFENDANT S.M. ENTERPRISE OF GAINESVILLE, LLC. regularly engages in commerce and its employees, including PLAINTIFF, handled and used materials, which have moved in interstate commerce.

20. At all relevant times, DEFENDANTS were employers within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. and are subject to

the provisions of the Act.

21. PLAINTIFF, at all relevant times was a non-exempt employee of DEFENDANTS, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. who performed work for which she did not receive appropriate compensation.

22. During her employment with DEFENDANTS, PLAINTIFF performed work for which she was not properly compensated in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. More specifically, DEFENDANTS violated the minimum wage provisions of the FLSA by not paying PLAINTIFF for the time she worked in July and August 2021.

23. Upon information and belief, DEFENDANTS' pay system was unilaterally imposed upon PLAINTIFF by DEFENDANTS.

24. DEFENDANTS' failure to compensate PLAINTIFF for her time worked violates the provisions of the FLSA and the regulations thereunder.

25. DEFENDANTS' failure to compensate PLAINTIFF for all the time she worked was a willful and knowing violation of the FLSA.

26. As a result of DEFENDANTS' willful and knowing failure to properly compensate PLAINTIFF, she has suffered substantial delay in receipt of wages owed and damages.

27. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANTS owe PLAINTIFF compensation at a rate of minimum wage for every hour she worked for which she was not paid at least minimum wage and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs of litigation.

28. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANTS and respectfully prays the Court that PLAINTIFF will recover unpaid wages, liquidated damages, pre- and post-judgment interest, nominal damages, attorney's fees, costs of litigation and other relief by reason of DEFENDANTS' violations of the FLSA; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT- S.M. ENTERPRISE OF GAINESVILLE, LLC.

29. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

30. PLAINTIFF and DEFENDANT S.M. ENTERPRISE OF GAINESVILLE, LLC. entered into an agreement pursuant to which PLAINTIFF was to be paid $148.69 per month for each client for whom she provided full waiver support coordinator services plus $74.35 per client for whom she performed limited waiver support coordinator services.

31. PLAINTIFF performed as agreed pursuant to her agreement with DEFENDANT, but DEFENDANT breached the agreement by not paying PLAINTIFF for all the services she provided. More specifically, DEFENDANT breached its agreement by not paying PLAINTIFF for 31 clients for whom she performed full waiver support coordinator services and two clients for whom she performed limited waiver support coordinator services. This amounts to $4,758.09.

32. As a result of DEFENDANT'S failure to pay PLAINTIFF properly, she has suffered delay in receipt of her wages and has been required to retain an attorney to help get her pay and DEFENDANT is required to pay PLAINTIFF'S attorney's fees pursuant to Florida Statute.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT S.M. ENTERPRISE OF GAINESVILLE, LLC. and respectfully prays the Court that PLAINTIFF will recover unpaid wages, nominal relief, pre- and post-judgment interest, attorney fees, and other relief by reason of DEFENDANT'S breach of contract; for a trial by jury on all issues so triable and, for such other and further relief as the Court may deem just and proper.

## COUNT III
## DEFAMATION- WAYSHARNDA G. MOSLEY

33. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

34. DEFENDANT WAYSHARNDA G. MOSLEY published a false statement about PLAINTIFF by telling State of Florida Agency for Persons with Disabilities Regional Director Leslie Richards that PLAINTIFF bullied an elderly client.

35. This above-described conduct caused injury to PLAINTIFF'S reputation and profession.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT WAYSHARNDA G. MOSLEY and respectfully prays the Court that PLAINTIFF will recover compensatory damages, punitive damages, nominal relief and other relief by reason of DEFENDANT'S defaming PLAINTIFF; for a trial by jury on all issues so triable and, for such other and further relief as the Court may deem just and proper.

Dated: June 27, 2022

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**


**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.: 92265
309 NE 1st Street
Gainesville, FL  32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF